Robert B. Buehler (RB 1458)
Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 832-8300 Telephone
(212) 763-7600 Fax

(additional counsel listed on signature page)

*Attorneys for Plaintiff Philip Morris USA Inc.*



07 CIV 8135

JUDGE BATTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC., | |
| Plaintiff, | Case No.: |
| v. | **ECF CASE** |
| CIGMALL, DMITRIY SUVOROV, DIANA BEZEDE, EMIL BERNIKOVISH, TKACHENKO T.A., OLEG DEROMCUK, CIGMALL LTD., ADERMAN OOO, ADAM ADAMOVICHENKO, CHERENZOV A.A., CINTEK UK LTD., BORIS CERNISHEV, DAVID BUHERMAN, SHYNCHUKOVSKIY I.A., EMI01 LTD., OLEG EMILEVICI, E-TRADING (UK) LIMITED and MIKE VERTIKS, | **COMPLAINT** |
| Defendants. | |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), for its complaint herein against

Cigmall, Dmitriy Suvorov, Diana Bezede, Emil Bernikovish, Tkachenko T.A., Oleg Deromcuk,

Cigmall Ltd., Aderman OOO, Adam Adamovichenko, Cherenzov A.A., CINTEK UK Ltd.,

Boris Cernishev, David Buherman, Shynchukovskiy I.A., EmiOl Ltd., Oleg Emilevici, E-

Trading (UK) Limited and Mike Vertiks (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for: (i) infringement of a registered trademark in violation of

Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the sale of Philip Morris cigarettes

via the Internet that were manufactured for sale abroad and not intended to be sold in the United

States ("illegally imported cigarettes," also known as gray market cigarettes); (ii) infringement

of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), by

importation of cigarettes bearing Philip Morris USA's trademarks in violation of the Imported

Cigarette Compliance Act ("ICCA"), 19 U.S.C. §§ 1681 *et seq.*; (iii) infringement of a registered

trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), through the

unauthorized use of Philip Morris USA's trademarks on Defendants' websites; (iv) importation

of goods bearing an infringing trademark in violation of Section 42 of the Lanham Act, 15

U.S.C. § 1124; (v) false designation of origin and trade dress infringement in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (vi) false advertising in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a); (vii) trademark dilution in violation of the Federal

Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127; (viii) trademark infringement in

violation of the common law of New York; (ix) deceptive acts and practices in violation of New

York General Business Law § 349; (x) false advertising in violation of New York General

Business Law §§ 350 *et seq.*; (xi) trademark dilution in violation of New York General Business

Law §§ 360-l *et seq.*; and (xii) unfair competition in violation of the common law of New York.

Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce

widespread consumer confusion and deception as well as irreparable injury to Philip Morris

USA.

2

2.     Philip Morris USA is the U.S. owner of the federally-registered MARLBORO® and MARLBORO Roof Design® trademarks, and a family of other trade dress marks consisting of and/or incorporating these trademarks, as well as the PARLIAMENT® and VIRGINIA SLIMS® trademarks and related trade dress.  For years, Philip Morris USA has used these trademarks in connection with the marketing and sale of its well-known brands of premium cigarettes, including MARLBORO®, PARLIAMENT® and VIRGINIA SLIMS® cigarettes.

3.     Over the past decade, the federal government and most state governments have raised taxes on cigarettes dramatically.  Defendants have established and continue to operate websites that unlawfully sell cigarettes to consumers in the United States without charging applicable taxes or reporting sales to the appropriate state authorities.  In addition, Defendants fail to adequately or appropriately verify the ages of purchasers of cigarettes or other tobacco products prior to purchase and delivery of the purchased product.

4.     Through their sale of cigarettes over the Internet, Defendants are engaged in a scheme to unlawfully trade on Philip Morris USA's trademarks.  In a blatant attempt to profit from Philip Morris USA's substantial investment in its trademarks and to mislead consumers into believing that there is a connection between Defendants and Philip Morris USA, Defendants have established websites at "www.cigmall.net," "www.cigmall.biz," "www.cigmall.us," "www.cigarettes-planet.net," "www.cigarettes-planet.com," "www.ez-cigarettes.com," "www.cigarette-cheap.org," "www.0-cigarettes.com," "www.the-cheap-cigarettes.com" and "www.cigarettes4smokes.com" (the "Infringing Websites"), on which Defendants display Philip Morris USA's trademarks and through which they offer for sale numerous brands of cigarettes, including several that appear to be Philip Morris products.  True and correct copies of printouts from the www.cigmall.net, www.cigmall.biz, www.cigmall.us, www.cigarettes-planet.net,

www.cigarettes-planet.com, www.ez-cigarettes.com, www.cigarette-cheap.org, www.0-cigarettes.com, www.the-cheap-cigarettes.com and www.cigarettes4smokes.com websites are attached hereto as Exhibits A-J, respectively.  On their Infringing Websites, Defendants offer for sale and sell illegally imported Philip Morris cigarettes that were manufactured and intended for sale outside of the United States.  These illegally imported cigarettes, their packaging, or both, differ materially from the cigarettes sold domestically by Philip Morris USA under the same brand names.  Philip Morris USA has not consented to the importation of these cigarettes for sale in the United States.  Pursuant to the ICCA, it is illegal to import cigarettes bearing a U.S. trademark into the United States if the owner of the U.S. trademark registration has not consented to such importation.

5.      Defendants' actions infringe Philip Morris USA's trademarks and dilute and diminish the distinctive nature and value of those trademarks.  Defendants' conduct violates the Lanham Act and New York statutory and common law prohibiting trademark infringement and unfair competition.  This action seeks permanent injunctive relief, damages and attorneys' fees and costs for Defendants' willful infringement of Philip Morris USA's intellectual property rights.

## THE PARTIES

6.      Plaintiff Philip Morris USA is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

7.      Defendant Cigmall, also known as Cigmall ooo, CIGmall.Net, CIGmall.Biz, and CIGmall.us (individually and collectively "Cigmall"), is a business organization whose form is presently unknown to Philip Morris USA.  Defendant Cigmall purports to operate the

4

cigmall.net, cigmall.biz and cigmall.us websites. Among other things, the bottom of each
cigmall.net, cigmall.biz and cigmall.us webpage has a copyright notice indicating that the
content of the website is owned by "CIGmall.Net," "CIGmall.Biz" or "CIGmall.us,"
respectively. According to the WhoIs database currently maintained by The Big Whois, a
website domain name registrar that provides publicly available information about domain name
registration records, "Cigmall ooo" is the registrant of the cigmall.net domain name and has an
address of "Griboedova 34-9 str. 4, Moscow, Moscow 132980, Russian Federation." On
information and belief, Defendant Cigmall provided false address information to the domain
name registrar and this address is invalid, false, or both. Defendant Cigmall has committed the
violations alleged herein in this judicial district, including by advertising and offering for sale
cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

8.     According to the WhoIs database currently maintained by The Big Whois,
Defendant Dmitriy Suvorov is the administrative and technical contact for the cigmall.net
domain name and is located at the same address as Defendant Cigmall at "Griboedova 34-9 str.
4, Moscow, Moscow 132980, Russian Federation." On information and belief, Defendant
Dmitriy Suvorov provided false address information to the domain name registrar and this
address is invalid, false, or both. Defendant Dmitriy Suvorov has committed the violations
alleged herein in this judicial district, including by advertising and offering for sale cigarettes via
the Infringing Websites, which are accessible to persons residing in this district.

9.     Defendant Diana Bezede is a prior registrant of the cigmall.net and cigarettes-
planet.net domain names. According to WhoIs records maintained by The Big Whois, in July
2005, the cigmall.net and cigarettes-planet.net domain names were registered to Defendant
Diana Bezede, located at "Mircia cel Batrin 24, Kishinev, AL 2068, Moldova." On information

and belief, Defendant Diana Bezede provided false address information to the domain name registrar and this address is invalid, false, or both.  On further information and belief, Defendant Diana Bezede changed this registration information in response to receiving cease and desist letters from Philip Morris USA.  Defendant Diana Bezede has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

10.     Defendant Emil Bernikovish is a prior registrant of the cigmall.net, cigarettes-planet.net and ez-cigarettes.com domain names and is the current registrant of the cigarette-cheap.org, 0-cigarettes.com and the-cheap-cigarettes.com domain names.  According to WhoIs records maintained by The Big Whois, in September 2005, the cigmall.net, cigarettes-planet.net and ez-cigarettes.com domain names were registered to Defendant Emil Bernikovish, located at "23, vul. Krasnaia, Kiev, Kiev 252650, Ukraine."  On information and belief, Defendant Emil Bernikovish changed the registration information for the cigmall.net, cigarettes-planet.net and ez-cigarettes.com domain names in response to receiving cease and desist letters from Philip Morris USA.  In addition, according to WhoIs records maintained by godaddy.com, Defendant Emil Bernikovish is the current registrant of the cigarette-cheap.org, 0-cigarettes.com and the-cheap-cigarettes.com domain names and is located at 23, vul. Krasnaia, Kiev, Kiev 252650, Ukraine.  On further information and belief, Defendant Emil Bernikovish provided false address information to the domain name registrar and this address is invalid, false, or both.  Defendant Emil Bernikovish has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

6

11.    On information and belief, Defendant Tkachenko T.A. is a business organization whose form is presently unknown to Philip Morris USA. "Tkachenko T.A., Yakira Street, building 16, apt. 3 Kiev, Ukraine 04119" was listed as the sender of illegally imported cigarettes purchased from the cigmall.net website. Defendant Tkachenko T.A has committed or facilitated the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

12.    According to the WhoIs database currently maintained by Joker.com, Defendant Oleg Deromcuk is the registrant of the cigmall.biz website and is located at "P.O. B. 23 Moscow, Moscow 192568, Russian Federation, RU." On information and belief, Defendant Oleg Deromcuk provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Oleg Deromcuk has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

13.    According to the WhoIs database currently maintained by Joker.com, Defendant Cigmall Ltd. is the registrant organization of the cigmall.biz website and is located at the same address as Defendant Oleg Deromcuk at "P.O. B. 23 Moscow, Moscow 192568, Russian Federation, RU." On information and belief, Defendant Cigmall Ltd. provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Cigmall Ltd. has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

14.    According to the WhoIs database currently maintained by Joker.com, Defendant Mike Vertiks is the registrant, administrative, billing and technical contact for the cigmall.us

website and is located at P.O. Box 789 Leederville, Washington, 6903, Austria. On information and belief, Defendant Mike Vertiks provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Mike Vertiks has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

15.    Defendant E-Trading (UK) Limited is a business organization whose form is presently unknown to Phillip Morris USA. Defendant E-Trading (UK) Limited is listed on the bottom of each of the cigmall.biz, cigmall.us, ez-cigarettes.com, cigarette-cheap.org, 0-cigarettes.com, the-cheap-cigarettes.com and cigarettes4smokes.com websites, among others, with an address of Suite B, Harley Street, London, UK W1G 9QR. On information and belief, Defendant E-Trading (UK) Limited is not located at this Harley Street address and is actually located at Suite 351, 14 Tottenham Court Road, London W1T 1JY. Defendant E-Trading (UK) Limited has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

16.    According to the WhoIs database maintained by godaddy.com, Defendant Aderman OOO is the current registrant of the cigarettes-planet.net and cigarettes-planet.com domain names and is located at "45 Leninskiy per, Moscow 123654 Russian Federation." On information and belief, Defendant Aderman OOO provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Aderman OOO has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

17.    According to the WhoIs database currently maintained by godaddy.com, Defendant Adam Adamovichenko is the administrative and technical contact for the cigarettes-planet.net and cigarettes-planet.com websites and is located at the same address as Defendant Aderman OOO at "45 Leninskiy per, Moscow 123654 Russian Federation." On information and belief, Defendant Adam Adamovichenko provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Adam Adamovichenko has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

18.    On information and belief, Defendant Cherenzov A.A. is a business organization whose form is presently unknown to Philip Morris USA. "Cherenzov A.A., Pugachiova Street, Building 6/29, apt. 12, Kiev Ukraine 04050" was listed as the sender of illegally imported cigarettes purchased from the cigarettes-planet.net website. Defendant Cherenzov A.A. has committed or facilitated the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

19.    Defendant CINTEK UK LTD. is a business organization whose form is presently unknown to Philip Morris USA. Defendant CINTEK UK LTD. purports to own or operate the www.cigarettes-planet.com website. Among other things, the cigarettes-planet.com homepage advises customers to "Contact us" at "CINTEK UK LTD., Suite B, 29 Harley Street, London WG 9QR, UK." The cigarettes-planet.com homepage also previously displayed the same contact information for the website's mailing address. On information and belief, Defendant CINTEK UK LTD. is not located at this address, but is located at the same address as Defendant

9

E-Trading (UK) Limited at Suite 352, 14 Tottenham Court Road, London, W1T 1JY. Defendant CINTEK UK LTD. has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

20.    According to the WhoIs database maintained by godaddy.com, Defendant Boris Cernishev is the current registrant of the ez-cigarettes.com domain name and is located at "90/2, Pushkina, Moskow, 198386 Russian Federation." On information and belief, Defendant Boris Cernishev provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Boris Cernishev has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

21.    Defendant David Buherman is a prior registrant of the ez-cigarettes.com domain name. According to WhoIs records maintained by The Big Whois, in July 2005, the ez-cigarettes.com domain name was registered to David Buherman, located at "235 Palchevsky St., Vladivostok, Russian Federation 690041." On information and belief, Defendant David Buherman provided false address information to the domain name registrar and this address is invalid, false, or both. On further information and belief, Defendant David Buherman changed this registration information in response to receiving a cease and desist letter from Philip Morris USA. Defendant David Buherman has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

22.    On information and belief, Defendant Shynchukovskiy I.A. is a business organization whose form is presently unknown to Philip Morris USA. "Shynchukovskiy I.A,

10

Gogolevskaya Street, Building 37, kv. 35, Kiev, Ukraine 04053" was listed as the sender of illegally imported cigarettes purchased from the ez-cigarettes.com website. Defendant Shynchukovskiy I.A. has committed or facilitated the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

23.     According to the WhoIs database maintained by godaddy.com, Defendant EmiOl Ltd. is the current registrant of the cigarettes4smokes.com domain name and is located at "23, vul. Krasnaia, Sainkt Petersburg, Sainkt Petersburg, 190234, Russian Federation." On information and belief, Defendant EmiOl Ltd. provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant EmiOl Ltd. has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

24.     According to the WhoIs database maintained by godaddy.com, Defendant Oleg Emilevici is the current administrative and technical contact for the cigarettes4smokes.com website and is located at the same address as Defendant EmiOl Ltd. at "23, vul. Krasnaia, Sainkt Petersburg, Sainkt Petersburg, 190234, Russian Federation." On information and belief, Defendant Oleg Emilevici provided false address information to the domain name registrar and this address is invalid, false, or both. Defendant Oleg Emilevici has committed the violations alleged herein in this judicial district, including by advertising and offering for sale cigarettes via the Infringing Websites, which are accessible to persons residing in this district.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15 U.S.C.

§§ 1051 *et seq.*; (ii) 28 U.S.C. § 1332(a)(1), as an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) 28 U.S.C. § 1367(a), pursuant to principles of supplemental jurisdiction.

26.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district, and the effects of Defendants' wrongful actions have been felt by Philip Morris USA in this judicial district.  On information and belief, venue is also proper in this district pursuant to 28 U.S.C. § 1391(d) in that Defendants reside or exist in the Russian Federation, Moldova, the Ukraine, Austria and the United Kingdom and are therefore aliens.

### FACTS GIVING RISE TO THIS ACTION

#### A.    Philip Morris USA and Its Trademarks

27.    Philip Morris USA manufactures cigarettes, including those bearing the famous MARLBORO® trademarks and trade dress, for sale in the United States.

28.    MARLBORO® brand cigarettes have been made and sold by Philip Morris USA (and various predecessor entities) since 1883.

29.    For more than 50 years, Philip Morris USA has used the MARLBORO® trademark and the MARLBORO Roof Design® trademark (the "Roof Design"), a pentagonal figure with a horizontal top and two vertical sides with upward and inward sloping diagonals, and related trade dress incorporating these trademarks, in connection with its tobacco and smoking-related products.  In its red form, the Roof Design identifies full-flavor MARLBORO® cigarettes in both hard and soft packs.  MARLBORO® MEDIUM cigarettes, introduced in 1991, use a smaller Roof Design.  Other varieties of MARLBORO® cigarettes, including MARLBORO LIGHTS® and MARLBORO ULTRA LIGHTS®, bear similar gold and silver

Roof Designs. MARLBORO® brand cigarettes are the most popular brand of cigarettes in the United States.

30.    Philip Morris USA is the U.S. owner of a number of famous trademarks that incorporate the MARLBORO® trademarks (collectively the "Marlboro Trademarks"), under which Philip Morris USA sells cigarettes. The Marlboro Trademarks include, without limitation, MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA LIGHTS®, MARLBORO® MEDIUM, MARLBORO® MENTHOL, MARLBORO LIGHTS® MENTHOL, the Roof Design, and related trade dress incorporating these trademarks. Philip Morris USA has invested substantial time, effort and money in advertising and promoting the Marlboro Trademarks throughout the United States. The vast majority of MARLBORO® advertising and promotional activities display a MARLBORO® word trademark, and/or the Roof Design. As a result, the Marlboro Trademarks are among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these trademarks.

31.    For decades, Philip Morris USA has also used the trademarks associated with its PARLIAMENT® and VIRGINIA SLIMS® cigarette brands. Philip Morris USA has spent substantial time, effort and money advertising and promoting these trademarks throughout the United States, and the trademarks, consequently, have developed significant goodwill.

32.    Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively, the "Philip Morris USA Trademarks"):

| Trademark | Registration No. | Date |
|---|---|---|
| MARLBORO  (Stylized) | 68502 | Apr. 14, 1908 |
| MARLBORO FILTER CIGARETTES  (and Design) | 938510 | Jul. 25, 1972 |
| MARLBORO LIGHTS | 1039412 | May 11, 1976 |
| MARLBORO LIGHTS MENTHOL PM INC  (and Design) | 1544782 | Jun. 20, 1989 |
| MARLBORO ULTRA LIGHTS  (and Design) | 1651628 | Jul. 23, 1991 |
| PARLIAMENT  (Stylized) | 378340 | Jun. 4, 1940 |
| PARLIAMENT  (and Design) | 865627 | Mar. 4, 1969 |
| PARLIAMENT LIGHTS RECESSED FILTER  (and Design) | 1164854 | Aug. 11, 1981 |
| VIRGINIA SLIMS | 894450 | Jul. 14, 1970 |
| VIRGINIA SLIMS  (and Design) | 912374 | Jun. 8, 1971 |
| VIRGINIA SLIMS  (and Design) | 912375 | Jun. 8, 1971 |
| VIRGINIA SLIMS LIGHTS  (and Design) | 1227743 | Feb. 15, 1983 |
| VIRGINIA SLIMS LIGHTS  (and Design) | 1369402 | Nov. 5, 1985 |
| VIRGINIA SLIMS VS SUPERSLIMS  (and Design) | 1897685 | Jun. 6, 1995 |

True and correct copies of registration certificates are attached hereto as Exhibit K.  Philip

Morris USA is also the owner of substantial common law rights in the MARLBORO®, Roof

Design, PARLIAMENT® and VIRGINIA SLIMS® trademarks and related trade dress.

### B.    Philip Morris USA's Efforts To Protect Its Famous Trademarks

33.    Philip Morris USA zealously protects the value of the Philip Morris USA

Trademarks.  Philip Morris USA has filed declarations with the United States Customs Service

("Customs") informing Customs that it does not consent to the importation of any cigarettes

bearing the MARLBORO® trademark and certain other trademarks.  These declarations are

effective under the ICCA, 19 U.S.C. § 1681 *et seq.*

34.     The cigarettes that Philip Morris USA manufactures for sale domestically are materially different from those intended for sale outside the United States. Among other things, illegally imported Philip Morris cigarettes are subject to seizure, unlike Philip Morris cigarettes that are made, and intended to be sold, in the United States.

35.     Philip Morris USA's domestic products are also subjected to quality control measures appropriate for the domestic distribution of those products. These measures relate to, among other things, the shipping and storage of Philip Morris USA's products and the replacement of damaged and stale products. Philip Morris USA has implemented these quality control measures to ensure that adult consumers continue to receive the high-quality products they have associated with Philip Morris USA and the Philip Morris USA Trademarks for decades. Products that are manufactured and intended for sale outside of the United States, and illegally imported into the United States, are not subjected to quality control measures appropriate for importation into the domestic market and, as a result, may often be stale or otherwise inferior when the products reach U.S. consumers.

36.     Consumers in the United States who purchase Philip Morris cigarettes intended for sale outside the United States are likely to be disappointed or confused by the differences between the illegally imported cigarettes and the products they have come to expect from Philip Morris USA.

**C.     Defendants' Willful Infringement Of Philip Morris USA's Intellectual Property Rights**

**1.     Sale of Illegally Imported Philip Morris Cigarettes**

37.     Defendants offer for sale to consumers MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA LIGHTS®, MARLBORO LIGHTS® MENTHOL, MARLBORO® MEDIUM, PARLIAMENT® and VIRGINIA SLIMS® cigarettes on the

Infringing Websites that are manufactured for sale outside of the United States and are not intended for sale in the United States. Philip Morris USA has confirmed Defendants' sale of illegally imported Philip Morris cigarettes through purchases of cigarettes made from the Infringing Websites into this district and has received e-mail purchase confirmations in this judicial district. For example, in response to a purchase made on behalf of Philip Morris USA from the cigmall.net website, Defendants sent an e-mail communication to a buyer located in this judicial district confirming the order. Defendants prominently advertise their willingness to sell cigarettes manufactured for sale outside of the United States to persons located throughout the United States, including New York. On the homepages of the cigmall.net, cigmall.biz, cigmall.us, cigarettes-planet.net, cigarettes-planet.com, ez-cigarettes.com and 0-cigarettes.com websites, Defendants state that they deliver to "[a]ll 50 states." In addition, on the FAQ pages of the majority of the Infringing Websites, Defendants state that they "deliver to USA only."

38.    Defendants also advertise that many of the cigarettes sold on the Infringing Websites are manufactured for sale outside of the United States, stating on the Marlboro product order pages of cigmall.net, cigmall.biz, cigmall.us, cigarettes-planet.net, cigarettes-planet.com, 0-cigarettes.com and ez-cigarettes.com that they sell Marlboro cigarettes from one or more of the following locations: the Ukraine, Russia and Europe. In addition, Defendants state on the FAQ pages of cigarettes-planet.net, cigarettes-planet.com, 0-cigarettes.com and cigarettes4smoke.com websites that "[w]e sell brands made in Europe." Defendants also state on the cigarette-cheap.org website that the cigarettes sold "are of the highest quality available on the market, mostly made in Europe (in England, in Germany, etc.)." Additionally, in response to the question "[i]s there any difference between the American and the European made cigarettes?" on the FAQ pages of cigarettes-planet.net and cigarettes-planet.com, Defendants state: "The first

are made to match the taste of American smokers while the second are suited to European tastes. Philip Morris does not provide any other information on this matter. According to smokers (and suggestions), the European ones may be slightly stronger. There is only one way to find out. Try them!" Defendants provide a similar explanation on the FAQ pages of cigmall.net, cigmall.biz, cigarette-cheap.org, 0-cigarettes.com and cigarettes4smokes.com websites.

39.    The illegally imported cigarettes offered for sale and sold by Defendants on the Infringing Websites are materially different from the Philip Morris cigarettes that are manufactured for sale in the United States under the same trademarks and brand names. Consumers who receive the illegally imported cigarettes are likely to be confused by the differences in the products and packaging. By facilitating the unlawful importation of and/or importing these cigarettes into the United States without Philip Morris USA's consent, Defendants are infringing the Philip Morris USA Trademarks and violating the ICCA.

### 2.    Unauthorized Use of Philip Morris USA's Trademarks

40.    Further suggesting an affiliation with Philip Morris USA, Defendants display pack images bearing the MARLBORO® Trademark and Roof Design as well as pack images bearing other Philip Morris USA Trademarks, including the PARLIAMENT® and VIRGINIA SLIMS® Trademarks, on the Infringing Websites.

41.    Defendants' unauthorized use of the Philip Morris USA Trademarks is likely to cause confusion among consumers regarding Defendants' association or affiliation with Philip Morris USA, or Philip Morris USA's endorsement or sponsorship of Defendants' websites and activities.

### 3.    False and Misleading Statements

42.    Defendants make false and misleading statements on the cigmall.net, cigmall.biz,

cigmall.us, cigarettes-planet.net, cigarettes-planet.com, cigarette-cheap.org, 0-cigarettes.com,

the-cheap-cigarettes.com and cigarettes4smokes.com websites concerning the nature and legality

of the cigarettes sold on those websites. Defendants previously also made false and misleading

statements on the ez-cigarettes.com website about the legality of the Philip Morris cigarettes

sold. On or about June 2, 2006, however, Defendants changed the ez-cigarettes.com website,

including by deleting most of the information from the FAQ and Info pages. True and correct

copies of the prior FAQ and Info pages of the ez-cigarettes.com website are attached hereto as

Exhibit L.

43.    Defendants falsely state on the cigmall.net, cigmall.biz, cigmall.us, cigarettes-

planet.com, 0-cigarette.com and cigarettes4smokes.com websites that cigarettes purchased by

U.S. consumers are exempt from taxation. In the "Customs" section of the FAQ pages of the

cigmall.net, cigmall.biz, cigmall.us, 0-cigarettes.com and cigarettes4smokes.com websites,

Defendants falsely state "[i]n the USA, parcels containing 200 cigarettes are exempted from

taxes." In the "Delivery" section of the FAQ page of the cigmall.biz website, Defendants ask the

question, "[w]hy can't you send me a single parcel containing more cartons?" and respond,

"[b]ecause it would be subject to duty since the width and value would not fall within the

prescribed international parameters." In addition, on the homepage of the cigarettes-planet.com

website, Defendants falsely state "[d]ue to the positive tax regime where we are located you are

able to benefit from prices you used to pay years ago. Tax Free and Duty Free means discount

prices for you, so don't hesitate, buy cheap cigarettes online." These statements are false. U.S.

residents purchasing cigarettes from international sources for delivery in the United States are

subject to payment of federal duties and taxes, as well as state sales and excise taxes. In addition, pursuant to the Jenkins Act, 15 U.S.C. §§ 375 *et seq.*, anyone who sells or transfers cigarettes in any amount into a state that taxes cigarettes, other than to a state-licensed distributor, is required to report the sale to the state tax administrator. Moreover, under the ICCA, it is unlawful to import Philip Morris cigarettes into the United States.

### 4. False Association With Philip Morris USA

44.    Defendants also falsely imply a relationship with Philip Morris USA by providing links on the cigmall.net, cigmall.biz, cigarettes-planet.com, cigarettes-planet.net and cigarette-cheap.org websites to Philip Morris USA's website. Specifically, Defendants display an image of a cigarette at the top of the cigmall.net and cigmall.biz websites which contains the words "Choose cigarettes." Clicking on this image accesses Philip Morris USA's website, located at "www.philipmorrisusa.com," which displays, among other things, the message "Welcome to the Philip Morris USA Company Website." Likewise, Defendants display a Philip Morris brand cigarette product list at the top of all pages on the cigarettes-planet.net and cigarettes-planet.com websites and a "Producer" link on the left side of the cigarette-cheap.org website. Clicking on the words "Philip Morris" at the top of the list or the "Producer" website address, respectively, links Internet users to the Philip Morris USA website. Defendants also previously displayed a link to the Philip Morris website on the pages offering Philip Morris products on ez-cigarettes.com. In addition, in response to a question on the cigarettes-planet.net and cigarettes-planet.com websites about why the cigarettes sold are priced competitively, Defendants falsely imply a relationship with cigarette manufacturers, including Philip Morris USA, stating, "[w]e purchase bulk amounts of cigarettes from the manufacturers and we limit our choice to a few selected brands." Defendants also previously posted this statement on the ez-cigarettes.com

website. On information and belief, this misrepresentation and the links to "www.philipmorrisusa.com" on the cigmall.net, cigmall.biz, cigarettes-planet.com, cigarettes-planet.net and cigarette-cheap.org websites confuses consumers into thinking that Philip Morris USA approves, sponsors or endorses Defendants' misleading and illegal activities. Moreover, the Infringing Websites falsely associate Philip Morris USA with Defendants' wrongful conduct, harming Philip Morris USA's reputation, brand image and the value of its trademarks.

45.     The "Partners" or "Links" pages of Defendants' cigmall.net, cigarettes-planet.net, cigarettes-planet.com and cigarette-cheap.org websites further falsely associate Philip Morris USA with Defendants' wrongful conduct and harm Philip Morris USA. For example, on the cigmall.net "Partners" page, Defendants display links to numerous cigarette and consumer-oriented websites, including links to seemingly sexually explicit, pornographic and unlawful pharmacy websites. On information and belief, Defendants' unauthorized use of the Philip Morris USA Trademarks and false association with Philip Morris USA on their Infringing Websites, in conjunction with the unsavory links offered on the cigmall.net, cigarettes-planet.net, cigarettes-planet.com and cigarette-cheap.org websites, harms Philip Morris USA's reputation and brand image, and tarnishes the Philip Morris USA Trademarks. Among other things, Defendants' association of the famous Philip Morris USA Trademarks with Defendants' unlawful conduct has the potential to diminish the value of Philip Morris USA's Trademarks as identifiers of premium brand cigarettes.

### 5.     Philip Morris USA's Cease and Desist Letters

46.     Upon learning of Defendants' activities, Philip Morris USA promptly sent cease and desist letters to Defendants regarding their unlawful conduct. In these letters, Philip Morris USA demanded, among other things, that Defendants immediately cease offering for sale and

selling in the United States illegally imported Philip Morris cigarettes and cease using and displaying Philip Morris USA's trademarks on the Infringing Websites. Specifically, Philip Morris USA sent letters to Defendants on the following dates: (i) July 19 and July 25, 2005, to the registrants of the ez-cigarettes.com, cigmall.net and cigarettes-planet.net domain names; (ii) September 16, 2005, to the new domain name registrants for the cigmall.net, cigarettes-planet.net and ez-cigarettes.com websites; (iii) September 16, 2005, to the senders of illegally imported cigarettes from the cigmall.net, cigarettes-planet.net and ez-cigarettes.com websites; (iv) January 17, 2006 and February 22, 2006, to the registrants of the cigmall.biz domain name; and (v) January 17, 2006, to the new registrant of the cigmall.net domain name. True and correct copies of Philip Morris USA's cease and desist letters are attached as Exhibit M. Defendants failed to accede to Philip Morris USA's demands or to modify the Infringing Websites.

## FIRST CLAIM FOR RELIEF

### (For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

47.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 hereof.

48.    The USPTO has granted federal trademark registrations for the trademarks consisting of or incorporating the Philip Morris USA Trademarks. In addition, Philip Morris USA is the owner of substantial common law rights in the MARLBORO®, Roof Design, PARLIAMENT® and VIRGINIA SLIMS® trademarks and related trade dress.

49.    Defendants are liable for direct and/or contributory infringement of the Philip Morris USA Trademarks.

50.    Defendants' use of these infringing trademarks in connection with the sale or offering for sale and distribution of goods and services in interstate commerce, without the consent of Philip Morris USA, in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, is likely to cause confusion or mistake, or to deceive consumers and therefore infringes Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of 15 U.S.C. § 1114(1).

51.    Defendants have sold and imported Philip Morris cigarettes that bear the registered Philip Morris USA Trademarks, which are not intended for sale in the United States. The cigarettes sold by Defendants to consumers in the United States differ in material respects from the cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

52.    Defendants' actions are likely to confuse the public, and are likely to cause and do cause the public to believe that the cigarettes bearing the Philip Morris USA Trademarks that are sold by Defendants are the same as the cigarettes sold by Philip Morris USA in the United States under the same trademarks and brand names.

53.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

### (For Infringement of Registered Trademarks, 15 U.S.C. § 1114(1) By Violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681 *et seq.*)

54.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 hereof.

55.    The ICCA, 19 U.S.C. §§ 1681 *et seq.*, prohibits the importation of cigarettes into the United States that bear a U.S. registered trademark unless the owner of the trademark has expressly consented to such importation. Cigarettes imported in contravention of the ICCA may be seized and destroyed by Customs.

56.    Consistent with the ICCA, Philip Morris USA has filed declarations with Customs informing Customs that Philip Morris USA does not consent to the importation of any cigarettes bearing the MARLBORO® trademark or certain other trademarks owned by Philip Morris USA.

57.    Defendants have, without the consent of Philip Morris USA, imported, or caused or facilitated the importation of, cigarettes bearing the Philip Morris USA Trademarks, including MARLBORO® cigarettes, in contravention of the ICCA. Defendants' products are being sold to U.S. consumers in violation of the ICCA and are thus subject to seizure.

58.    The cigarettes sold to consumers in the United States by Defendants are materially different from the cigarettes sold by Philip Morris USA in the United States under the same brand names.

59.    Defendants' actions are likely to confuse the public, and are likely to cause and do cause the public to believe that the cigarettes bearing the Philip Morris USA Trademarks that are sold by Defendants are the same as the cigarettes sold by Philip Morris USA in the United States bearing the same trademarks and brand names.

60.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF

### (For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))

61.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 hereof.

62.    The USPTO has granted federal trademark registrations for the trademarks consisting of or incorporating the Philip Morris USA Trademarks previously identified in this complaint. In addition, Philip Morris USA is the owner of substantial common law rights in the MARLBORO®, Roof Design, PARLIAMENT® and VIRGINIA SLIMS® trademarks and related trade dress.

63.    Defendants are liable for direct and/or contributory infringement of the Philip Morris USA Trademarks. With knowledge of the Philip Morris USA Trademarks, Defendants have displayed Philip Morris USA pack images on the Infringing Websites in connection with the sale or offering for sale and distribution of goods and services in interstate commerce.

64.    Defendants' unauthorized use of the Philip Morris USA Trademarks constitutes use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of the Trademarks in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringes Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of 15 U.S.C. § 1114(1). Philip Morris USA has been damaged by this infringement.

65.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

24

## FOURTH CLAIM FOR RELIEF

### (For Importation of Goods Bearing an Infringing Trademark in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)

66.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 hereof.

67.    On information and belief, Defendants have, without the consent of Philip Morris USA, imported, or caused or facilitated the importation of, Philip Morris cigarettes manufactured for sale outside of the United States and not intended for sale in the United States, including cigarettes bearing the registered trademarks MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA LIGHTS®, MARLBORO LIGHTS® MENTHOL, MARLBORO MEDIUM®, PARLIAMENT® and VIRGINIA SLIMS®, which differ in material respects from the cigarettes sold by Philip Morris USA in the United States under the same brand names.

68.    Defendants' actions are likely to confuse the public and are likely to cause and do cause the public to believe that the illegally imported Philip Morris cigarettes sold by Defendants are the same as the cigarettes sold by Philip Morris USA in the United States bearing the same trademarks and brand names.

69.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (For False Designation of Origin and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

70.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 hereof.

71.    Philip Morris USA owns a distinctive trade dress in the packaging of its MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA LIGHTS®, MARLBORO LIGHTS® MENTHOL and MARLBORO® MEDIUM cigarettes, the principal features of which are the Roof Design combined with the MARLBORO® Trademark.  Philip Morris USA also owns a distinctive trade dress in the packaging of its PARLIAMENT® and VIRGINIA SLIMS® cigarettes.  By displaying this trade dress on their websites without Philip Morris USA's authorization, Defendants have infringed Philip Morris USA's valuable and distinctive trade dress.

72.    Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the sponsorship or approval of Defendants' goods, services, or commercial activities by Philip Morris USA.  Defendants' actions further misrepresent the nature, characteristics or qualities of their goods, services or commercial activities.  Philip Morris USA has been damaged by Defendants' actions.

73.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### SIXTH CLAIM FOR RELIEF

**(For False Advertising in Violation of Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))**

74.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

75.    Defendants have made false and/or misleading statements in commercial advertising, which are likely to cause confusion, to cause mistake and to deceive the public as to

26

the nature, characteristics or qualities of Defendants' products and commercial activities, and have substantially affected interstate commerce. On information and belief, Defendants' conduct has actually deceived, and has a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities. Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase Defendants' products. On information and belief, Defendants made their false and/or misleading statements with the intent to cause confusion, mistake and to deceive the public as to the nature, quality or characteristics of Defendants' products and their commercial activities. Philip Morris USA has been damaged as a result.

76.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**SEVENTH CLAIM FOR RELIEF**

**(For Trademark Dilution in Violation of the
Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127)**

77.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

78.    By virtue of Philip Morris USA's prominent, long and continuous use of the Philip Morris USA Trademarks in interstate commerce, these trademarks have become and continue to be "famous" within the meaning of 15 U.S.C. § 1125(c).

79.    Defendants are liable for dilution of Philip Morris USA's Trademarks. Defendants' use of the Philip Morris USA Trademarks dilutes and tarnishes the distinctive quality of those Trademarks and lessens their capacity to identify and distinguish Philip Morris USA's goods and services. Philip Morris USA has been damaged as a result.

27

80.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## EIGHTH CLAIM FOR RELIEF

### (For Common Law Trademark Infringement)

81.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

82.    The Philip Morris USA Trademarks are valid under common law.

83.    Defendants are liable for infringement of the Philip Morris USA Trademarks. With knowledge of the Philip Morris USA Trademarks, Defendants have displayed Philip Morris USA cigarette brand pack images on their Infringing Websites in connection with the sale or offering for sale and distribution of goods and services in this state.

84.    Defendants' unauthorized use of the Philip Morris USA Trademarks constitutes use, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of the Philip Morris USA Trademarks in connection with the advertisement, promotion, sale and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in the Philip Morris USA Trademarks, in violation of Philip Morris USA's common law trademark rights.  This infringement has damaged Philip Morris USA.

85.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct.  Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## NINTH CLAIM FOR RELIEF

### (For Deceptive Acts and Practices, New York Gen. Bus. Law § 349)

86.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

87.    By the acts described above in paragraphs 37 through 45, including, without limitation, Defendants' false and/or misleading statements regarding the quality of their products, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law. Defendants' conduct is consumer-oriented, has affected the public interest of the citizens of New York and has resulted in injury to consumers within New York.

88.    Defendants' deceptive acts or practices are materially misleading and, on information and belief, have actually deceived and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities, and Philip Morris USA has been injured thereby.

89.    Philip Morris USA seeks to enjoin the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## TENTH CLAIM FOR RELIEF

### (For False Advertising, New York Gen. Bus. Law §§ 350 *et seq.*)

90.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

91.    By the acts described above in paragraphs 37 through 45, including, without limitation, Defendants' false and/or misleading statements regarding the quality of their

products, Defendants have made false and/or misleading statements in commercial advertising, which are likely to cause confusion, to cause mistake and to deceive the public as to the nature, characteristics or qualities of Defendants' products and commercial activities, and have substantially affected interstate commerce. On information and belief, Defendants' conduct has actually deceived, and has a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities. Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase Defendants' products. On further information and belief, Defendants made their false and/or misleading statements with the intent to cause consumer confusion, mistake and to deceive the public as to the nature, quality or characteristics of Defendants' products and their commercial activities, and Philip Morris USA has been injured thereby.

92.     On information and belief, Defendants' conduct is consumer-oriented, has affected the public interest of the citizens of New York and has resulted in injury to consumers within New York.

93.     Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## ELEVENTH CLAIM FOR RELIEF

### (For Trademark Dilution, New York Gen. Bus. Law §§ 360-l *et seq.*)

94.     Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

95.    Philip Morris USA is the owner of the Philip Morris USA Trademarks. By virtue of Philip Morris USA's prominent, long and continuous use of the Philip Morris USA Trademarks, they have become and continue to be distinctive.

96.    Defendants are liable for dilution of the Philip Morris USA Trademarks. Defendants' use of the Philip Morris USA Trademarks dilutes the distinctive quality of those Trademarks and lessens the capacity of such Trademarks to identify and distinguish Philip Morris USA's goods and services. Defendants' unlawful and unauthorized use of the Philip Morris USA Trademarks is likely to cause blurring in the minds of consumers between Philip Morris USA and Defendants, thereby lessening the value of the Philip Morris USA Trademarks as unique identifiers of Philip Morris USA products. Additionally, Defendants' use tarnishes the Philip Morris USA Trademarks, and is likely to result in injury to Philip Morris USA.

97.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## TWELFTH CLAIM FOR RELIEF

### (For Common Law Unfair Competition)

98.    Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 hereof.

99.    Defendants' conduct constitutes unfair competition under New York's common law. Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related to, associated with, or sponsored or endorsed by, Philip Morris USA.

100.    Defendants' wrongful acts have caused and will continue to cause Philip Morris USA substantial injury, including dilution of its goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its property.  The harm these acts will cause to Philip Morris USA is both imminent and irreparable, and the amount of damages sustained by Philip Morris USA will be difficult to ascertain if these acts continue. Philip Morris USA has no adequate remedy at law.

101.    On information and belief, Defendants' conduct is oppressive, fraudulent and malicious, and Philip Morris USA is thereby entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Philip Morris USA Inc. prays as follows:

A.    For judgment that:

    i.    Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) through the sale of Philip Morris cigarettes via the Internet that were manufactured for sale abroad and not intended to be sold in the United States;

    ii.    Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), by violation of the Imported Cigarette Compliance Act of 2000, 19 U.S.C. §§ 1681 *et seq*.;

    iii.    Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), through the unauthorized use of Philip Morris USA's trademarks on Defendants' websites;

    iv.    Defendants have violated Section 42 of the Lanham Act, 15 U.S.C. § 1124;

    v.    Defendants have engaged in false designation of origin and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    vi.    Defendants have engaged in false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    vii.    Defendants have engaged in trademark dilution in violation of Section

43(c) of the Federal Trademark Dilution Act, 15 U.S.C. §§ 1125(c) and 1127;

viii. Defendants have engaged in trademark infringement in violation of the common law of New York;

ix. Defendants have engaged in deceptive acts and practices in violation of New York General Business Law § 349;

x. Defendants have engaged in false advertising in violation of New York General Business Law §§ 350 *et seq.*;

xi. Defendants have engaged in trademark dilution in violation of New York General Business Law §§ 360-1 *et seq.*; and

xii. Defendants have engaged in unfair competition in violation of the common law of New York.

B.    For a permanent injunction restraining and enjoining Defendants and their officers, directors, subsidiaries, agents, servants, employees, attorneys, licensees, affiliates, successors and assigns and all persons in active concert or participation with them and/or who aid and abet or facilitate Defendants' offer for sale, sale, and/or importation of Philip Morris cigarettes to U.S. consumers who receive actual notice of the order by personal service or otherwise, including but not limited to: (a) entities that process and facilitate payments from consumers in the United States, including banks, credit card companies, and data processing companies; (b) shippers, carriers, delivery companies, and other package delivery services; (c) packaging and distribution services and personnel; and (d) registrars of domain names and internet services providers, from:

i. making any present or future use of Philip Morris USA's distinctive trade dress and of the Philip Morris USA Trademarks, including, without limitation, the MARLBORO®, MARLBORO LIGHTS®, MARLBORO ULTRA LIGHTS®, MARLBORO LIGHTS® MENTHOL, MARLBORO® MEDIUM, the Roof Design, PARLIAMENT®, PARLIAMENT LIGHTS®, VIRGINIA SLIMS®, VIRGINIA SLIMS LIGHTS® and VIRGINIA SLIMS VS SUPERSLIMS® trademarks, any imitation thereof, and any other trademark(s) or logo(s) substantially or

confusingly similar thereto;

ii.    using, displaying, and/or facilitating the use of any of the Philip Morris USA Trademarks, or any word or logo that is confusingly similar to a Philip Morris USA Trademark, on any Internet website or on any written or promotional materials;

iii.   engaging in any other activity constituting an infringement or dilution of any of Philip Morris USA's rights in the Philip Morris USA Trademarks or in Philip Morris USA's distinctive trade dress;

iv.   advertising, selling, offering to sell, shipping, carrying, importing, or attempting to import to U.S. consumers Philip Morris cigarettes that are manufactured and intended for sale outside of the United States;

v.    facilitating, assisting, participating in, and/or aiding and abetting Defendants' advertising, selling, offering to sell, shipping, carrying, importing or attempting to import to U.S. consumers Philip Morris cigarettes that are manufactured and intended for sale outside of the United States;

vi.   making any false and/or misleading statements, including those alleged herein, that misrepresent the nature, quality or characteristics of Defendants' products or commercial activities; and

vii.  providing assistance or logistical support to entities engaged in the sale to U.S. consumers of Philip Morris products that are manufactured and intended for sale outside of the United States.

C.    For an order awarding Philip Morris USA:  (i) Defendants' profits derived from their unlawful conduct, attorneys' fees and costs to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, with profits awarded under 15 U.S.C. § 1117 trebled; (ii) damages, attorneys' fees, and costs to the full extent provided for by Sections 349, 350 *et seq.*, and 360-l *et seq.* of New York's General Business Law; and (iii) actual and punitive damages under the common law.

D.    For such other and further relief as the Court deems appropriate.

Dated:    New York, New York
          September 17, 2007

                        Respectfully submitted,


                        HELLER EHRMAN LLP


                        By: _____
                            Robert B. Buehler (RB 1458)
                            Jennifer L. Larson (JL 8114)
                            Times Square Tower
                            7 Times Square
                            New York, NY 10036
                            (212) 832-8300 Telephone
                            (212) 763-7600 Fax


                            Kenneth L. Chernof
                            HELLER EHRMAN LLP
                            1717 Rhode Island Avenue, NW
                            Washington, D.C. 20036
                            (202) 912-2199 Telephone
                            (202) 912-2020 Fax


                            Warren J. Rheaume
                            HELLER EHRMAN LLP
                            701 Fifth Avenue
                            Suite 6100
                            Seattle, WA 98104
                            (206) 389-4226 Telephone
                            (206) 447-0849 Fax


                            Naomi B. Spector
                            HELLER EHRMAN LLP
                            4350 La Jolla Village Drive
                            7th Floor
                            San Diego, CA 92122
                            (858) 450-5744 Telephone
                            (858) 587-5944 Fax


                        *Attorneys for Plaintiff Philip Morris USA Inc.*

35